```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
UMMA DUMMA,                   :
                              :
          Plaintiff,          :   Civ. No. 20-20347 (NLH) (KMW)
                              :
     v.                       :   OPINION
                              :
                              :
THE SUPERIOR COURT            :
CRIMINAL LAW DIVISION, et al.,:
                              :
          Defendants.         :
_____:
```

APPEARANCE:

Umma Dumma
954604/57550
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Umma Dumma, a state prisoner inmate presently detained in New Jersey State Prison, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim pursuant to 42 U.S.C. § 1983. See ECF No. 1.

    Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all

assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in installments, as follows.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §

1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff has not submitted an in forma pauperis application.  Moreover, Plaintiff's current action is subject to the three-strikes provision of § 1915(g).  See, e.g., Dumma v. United States, No. 90-6014 (3d Cir. Feb. 12, 1991) (dismissing appeal as frivolous); Dumma v. Fauver, No. 93-3640 (D.N.J. Feb. 4, 1994) (dismissing complaint for failure to state a claim); Dumma v. United States, No. 90-4587 (D.N.J. Nov. 14, 1990) (dismissing as frivolous).  Before he may proceed in forma pauperis in this action, Plaintiff must submit a statement demonstrating why he would be in imminent danger of serious

3

physical injury if the Court did not grant him in forma pauperis status.

CONCLUSION

    For the reasons set forth above, Plaintiff must submit a complete in forma pauperis application that includes a statement demonstrating imminent danger of serious physical injury before he may proceed in forma pauperis.  Plaintiff must submit the statement within 30 days, or the Court will administratively terminate the complaint pending receipt of the $350 filing fee and $52 administrative fee.  An appropriate Order follows.

Dated: December 29, 2020          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.