```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
UMMA DUMMA,                   :
                              :
          Plaintiff,          :    Civ. No. 20-20347 (NLH) (KMW)
                              :
     v.                       :              OPINION
                              :
                              :
THE SUPERIOR COURT            :
CRIMINAL LAW DIVISION, et al.,:
                              :
          Defendants.         :
_____:
```

APPEARANCE:

Umma Dumma
954604/57550
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Umma Dumma, a state prisoner presently detained in New Jersey State Prison, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim pursuant to 42 U.S.C. § 1983. See ECF No. 1.

    The Prison Litigation Reform Act of 1995 ("PLRA") amended § 1915 and established certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.[1]  The PLRA contains a "three strikes" provision that

---

[1] "'Prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or

"prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted . . . ." Millhouse v. Sage, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)).

Because Plaintiff has three strikes under the PLRA, the Court ordered Plaintiff to provide a statement demonstrating he was in imminent danger of serious physical injury. ECF No. 2. See also Dumma v. United States, No. 90-6014 (3d Cir. Feb. 12, 1991) (dismissing appeal as frivolous); Dumma v. Fauver, No. 93-3640 (D.N.J. Feb. 4, 1994) (dismissing complaint for failure to state a claim); Dumma v. United States, No. 90-4587 (D.N.J. Nov. 14, 1990) (dismissing as frivolous). "[D]ismissals for frivolousness prior to the passage of the PLRA are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury.'" Keener v. Pennsylvania Bd. of Prob. & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (per curiam). Therefore,

---

adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

2

Plaintiff cannot proceed in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff submitted several letters to the Court making various claims of injury.  ECF Nos. 4-8.  He states the "Court places an undue burden upon the Plaintiff; following his '4 decades' held in captivity . . . Also; he is ravage by fears stemming from the *Coronavirus* and it's endemic hold upon this (NJSP) population!!"  ECF No. 4 at 1 (emphasis in original).  "Plaintiff was TERRORIZED by jailers and coerced in submitting to be (injected) with 'psychotropic lobotomizing chemicals!!!"  ECF No. 5 at 1(emphasis in original).  "Jailers has (re-fused) to provide him with the 'proper FOOTWEAR'!!  But at issuing only CHEAP (made in China!) SHODDY/or few weeks lasting *SNEAKERS* instead!"  ECF No. 6 at 1 (emphasis in original). "When on tour in the Camden Co. Jail, a group of *judges* (ranging from nine to eleven individuals, and, they all being Caucasian males); did accost the Plaintiff . . . and said that quote: 'Plaintiff shall be taught a systemic-apartheid lesson!! and none would give him *justice*!!!' unquote."  ECF No. 7 at 3 (emphasis in original). "[T]he Petitioner is (ensconce) in the 'belly of the Beast'!!" ECF No. 8 at 1.

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the

3

time the complaint is filed." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001). "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" Id. at 313. Moreover, "[t]o fulfill the 'imminent danger' requirements, [plaintiff] must demonstrate an adequate nexus between the claims" in the complaint "and the 'imminent danger [he] alleges.'" Ball v. Hummel, 577 F. App'x 96, 98 (3d Cir. 2014) (per curiam) (quoting Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009)).

Plaintiff's complaint alleges that he was wrongfully convicted of murder and sentenced to life in prison. ECF No. 1 at 2. He alleges there was no indictment by a grand jury and was not permitted to consult with counsel. Id. at 3. He also claims to have been forcibly drugged during trial. Id. These are past injuries that are unconnected to the current conditions of Plaintiff's confinement as they involve different parties and are separated by over 40 years. "[I]ncarceration alone does not satisfy the requirement of 'imminent danger of serious physical injury' for purposes of § 1915(g)." Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager, 870 F.3d 144, 154 n.12 (3d Cir. 2017). As there are no facts suggesting Plaintiff is in

4

imminent danger of serious physical injury, the Court must deny him in forma pauperis status.  28 U.S.C. § 1915(g).

CONCLUSION

For the reasons set forth above, Plaintiff's in forma pauperis application is denied.  The Clerk shall administratively terminate the complaint pending receipt of the $350 filing fee and $52 administrative fee.  An appropriate Order follows.

Dated: February 5, 2021            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.